UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

                Plantiff,

v.                                     Case No. 6:20-cr-121-Orl-37GJK

JACQUELINE OCTAVIA EUGENE,

                Defendant.

_____/

## MOTION FOR WRITTEN ORDER OF RULE 5(F) DISCLOSURE OBLIGATION

Defendant Jacqueline Octavia Eugene, through counsel, pursuant to the Sixth Amendment of the U.S. Constitution and the Due Process Protection Act (DPPA), respectfully moves the Court to order the prosecutor to comply with it's *Brady* disclosure obligations and to set a date requiring the prosecutor to file a notice of compliance with the Court.

On October 21, 2020, the President signed into law the DPPA, which amends Federal Rule of Criminal Procedure 5 by adding the following language:

(f) REMINDER OF PROSECUTORIAL OBLIGATION.—

(1) IN GENERAL.—In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such order under applicable law.

The amended Rule 5 requires the Court to enter a written order and orally caution the parties of the prosecutor's disclosure obligations at the *first court appearance where both the prosecutor and defense counsel are present*. Though the instant case predates the passage of the DPPA, the purpose of entering a Rule 5(f) order remains relevant regardless of the current posture of this case.

The order should make clear that the standard for disclosure is whether the evidence is favorable to the accused as to either guilt or punishment. In the *Brady* context, "favorable" evidence is that which relates to guilt or punishment, *see Brady,* 373 U.S. at 87, and which tends to help the defense by either bolstering the defense's case or impeaching prosecution witnesses. *See Giglio v. United States,* 405 U.S. 150, 154–55 (1972).

In addition, the prosecutor's obligation at the trial level should not include a materiality limitation. *See United States v. Valenzuela–Bernal,* 458 U.S. 858, 874 (1982) (noting that "[b]ecause determinations of materiality are often best made in light of all of the evidence adduced at trial, judges may wish to defer" such determinations "until after the presentation of evidence"). This analysis obviously cannot be applied by a trial court facing a pre-trial or mid-trial discovery request. *See United States v. Olsen*, 704 F.3d 1172, 1183 (9th Cir. 2013) ("[T]he retrospective definition of materiality is appropriate only in the context of appellate review;" thus, "trial prosecutors must disclose favorable information without attempting to predict whether its disclosure might affect the outcome of

the trial.") (footnote omitted); *see also United States v. Safavian*, 233 F.R.D. 12, 16 (D.D.C. 2005) ("[T]he government must always produce any potentially exculpatory or otherwise favorable evidence without regard to how the withholding of such evidence might be viewed . . . as affecting the outcome of the trial. The question before trial is not whether the government thinks that disclosure of the information or evidence . . . might change the outcome of the trial going forward, but whether the evidence is favorable and therefore must be disclosed."). Moreover, a *Brady* violation does not depend on the good faith or bad faith of the prosecution. *See Porter v. White*, 483 F.3d 1294, 1305 (11th Cir. 2007).

The order should instruct that the prosecutors' disclosure obligation is broad. As noted in its own policy:

> It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.

9-5.001(B)(2) – "Policy Regarding Disclosure of Exculpatory and Impeachment Information," available at https://www.justice.gov/jm/jm-9-5000-issues-related-trials-and-other-court-proceedings (last accessed November 5, 2020).

The obligation applies to information not in the possession of the prosecution and instead creates an affirmative duty for prosecutors to seek out favorable information. *See Stickler v. Greene*, 527 U.S. 263, 280–81 (1999). The

obligation applies not only to trials, but to pre-trial and sentencing hearings as well. *See Smith v. Black*, 904 F.2d 950, 965 (5th Cir. 1990), *cert. granted and judgment vacated on other grounds,* 503 U.S. 930 (1992) (suppression motions); *Riechmann v. Fla. Dep't of Corr.*, 940 F.3d 559, 579 (11th Cir. 2019) (recognizing application of *Brady* to sentencing).

The DPPA also requires that the Court's order include an admonition concerning consequences which may flow from a violation of the order. That admonition should, at a minimum, alert attorneys for the Government that such consequences could be directed toward the prosecution's case and individual prosecutors including but not limited to specifying the terms and conditions of a *Brady* production, granting a continuance, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or entering any other order that is just under the circumstances by the Court.

The undersigned has conferred with counsel for the United States who advises that the United States has no objection to the entry of an order pursuant to Fed. R. Crim. P. 5(f)

Wherefore, the Defendant, Jacqueline Octavia Eugene, respectfully moves the Court to enter an order outlining the prosecutor's disclosure obligations as required by the DPPA, and to set a date requiring the proscecutor to file a notice of compliance with the Court.

Respectfully submitted,

JAMES T. SKUTHAN
Acting Federal Defender

/s/ Ali Kamalzadeh
Ali Kamalzadeh
Assitant Federal Defender
Florida Bar No.
201 S. Orange Ave., Ste. 300
Orlando, Florida 32801
Telephone:   407-648-6338
Facsmilie:   407-648-6095
E-mail:      ali_kamalzadeh@fd.org

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the undersigned electronically filed the foregoing *Motion* with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to Suzanne Huyler, Assistant United States Attorney, this 6th day of November 2020.

/s/ Ali Kamalzadeh
Attorney for the Defendant

5